# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 411 | **DATE** | 5/20/2003 |
| **CASE TITLE** | USA vs. Elizabeth Roach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants the government's motion for reconsideration and denies defendant's renewed motion for downward departure. The case remains set for sentencing on June 6, 2003 at 1:30

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 2 2 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 55 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 00 CR 411 |
| | ) | |
| ELIZABETH ROACH | ) | |



## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Elizabeth Roach pled guilty to a charge of wire fraud. In June 2001, the Court granted Roach's motion for a downward departure based on U.S.S.G. §5K2.13, based on her significantly reduced mental capacity at the time of the offense. In July 2002, the Court of Appeals reversed; its order vacated the sentence and remanded for resentencing. *United States v. Roach,* 296 F.3d 565 (7th Cir. 2002). The court stated that §5K2.13 "requires an assessment of the defendant's mental capacity at the time of the offense," and it ruled that "in making this assessment ... the district court's analysis and finding fall short." *Id.* at 571. The court said that "[i]t is not entirely clear from the court's opinion whether [its findings] include Roach's ability to control her conduct at the time of her offense .... It if does not, the departure was, as we just explained, an incorrect application of § 5K2.13. But to the extent the judge's conclusion can be read to include a finding that Roach had a significantly impaired capacity to control her conduct at the time of the offense, it is unsupported by the evidence and clearly erroneous." *Id.*

On remand, Roach sought and obtained leave to renew her motion and to supplement it with further evidence to attempt to fill the gap identified by the Seventh Circuit. The government has consistently argued that Roach is not entitled to add new evidence to the record and that her

downward departure motion is a closed issue. On two prior occasions, the Court has disagreed. The government now seeks reconsideration, relying on a recently-decided Seventh Circuit decision which in turn discusses a 1998 decision that the government had not previously cited. This time the government has the better of the argument.

In initially opposing Roach's request to renew her motion for downward departure, the government relied exclusively on the "law of the case" doctrine, saying that the departure issue had already been decided by the Seventh Circuit. In reply, Roach relied on several Seventh Circuit decisions which indicated that after a sentence is vacated, a "clean slate" exists (though the defendant cannot raise new grounds for departure not previously argued). *See United States v. Polland,* 56 F.3d 776, 778-79 (7th Cir. 1995); *United States v. Atkinson,* 979 F.2d 1219, 1223 (7th Cir. 1992); *United States v. Barnes,* 948 F.2d 325, 330 (7th Cir. 1991). In one of these cases, *Polland,* the Seventh Circuit had quoted with approval an Eighth Circuit decision to the effect that when a sentence is vacated and a case is remanded for resentencing, "'the district court can hear any relevant evidence on *that issue* that it could have heard at the first hearing." *Polland,* 56 F.3d at 779 (quoting *United States v. Cornelius,* 968 F.2d 703, 705 (8th Cir. 1992)) (emphasis original in *Polland*). On the strength of these decisions, the Court granted Roach leave to renew her downward departure motion.

After Roach filed her renewed motion, the government filed a response in which it argued that *Polland, Atkinson,* and *Barnes* were no longer good law. It relied on two Seventh Circuit decisions that, the government argued, "disavowed the notion that a general remand gives the district court a 'clean slate' in the resentencing process." Govt. Resp. to Dfdt's Mot. for Downward Departure, p. 3 (citing *United States v. Parker,* 101 F.3d 527, 528 (7th Cir. 1996) and

*United States v. Husband,* 317 F.3d 247, 250-51 (7th Cir. 2002)). The Court agreed with Roach's position that these cases did not affect the continuing validity of *Polland* as applied to this case.

*Parker* involved a defendant who, in a previous appeal, had obtained an order vacating his sentence on the grounds that he should not have received an enhancement for obstruction of justice, and remanding for resentencing. After resentencing, he again appealed, and his appellate counsel filed an *Anders* brief. In response, the defendant raised a number of additional challenges to his sentence. The Seventh Circuit rejected these arguments, stating that "[t]he remand was limited to the enhancement for the obstruction of justice. Only an issue arising out of the correction of the sentence ordered by this court could be raised in a subsequent appeal. Any issue not arising out of that correction could have been raised in the original appeal and was therefore waived by not being raised then." *Id.* at 528 (citing *Polland,* 56 F.3d at 779 and *United States v. Soto,* 48 F.3d 1415, 1419 n.10 (7th Cir. 1995)). The court went on to note that language in some previous cases (here the court cited *Atkinson* and *Barnes,* but not *Polland*) "might be read to say that a remand limits the issues open to consideration on remand only if the opinion or order directing it so states." It stated that this was an incorrect interpretation of those cases: "As made clear in *United States v. Polland,* supra, the scope of the remand is determined not by formula, but by inference from the opinion as a whole. If the opinion identifies a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues, the district court is limited to correcting that error. A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal because the remand did not affect it." *Id.*

3

In *Husband,* the defendant had appealed his conviction, arguing only that his Fourth Amendment rights had been violated by the manner in which a search had been conducted. In that first appeal, the Seventh Circuit was unable to determine from the record whether the search was reasonable, and accordingly it remanded for further proceedings. *United States v. Husband,* 226 F.3d 626, 636 (7th Cir. 2000). On remand, the defendant, in addition to challenging the method of the search, also challenged his stop and arrest and the validity of a search warrant. On appeal, the Seventh Circuit held that those matter were not open on remand. It stated that "[t]he question of whether an issue was waived on the first appeal is an integral and included element in determining the 'scope of remand.'" *United States v. Husband,* 312 F.3d 247, 250 (7th Cir. 2002). It went on to state that there are two major limitations on the scope of a remand. First, any issue that could have been raised on appeal, but was not, is waived and thus is not remanded. And second, "any issue conclusively decided by this court on the first appeal is not remanded." *Id.* at 250-51. To determine whether an issue falls within the second limitation, the court stated, "the opinion needs to be looked at as a whole. The court may explicitly remand certain issues exclusive of all others; but the same result may also be accomplished implicitly. For example, '[i]f the opinion identifies a discrete, particular error that can be corrected on remand without the need for redetermination of other issues, the district court is limited to correcting that error.'" *Id.* at 251 (quoting *Parker,* 101 F.3d at 528; other citations omitted). In Husband's case, the new issues were outside the scope of the remand because they had not been raised in the first appeal. *Id.*

This Court held that neither *Parker* nor *Husband* precluded consideration of Roach's renewed motion. First, *Parker* specifically reaffirmed *Polland,* on which the Court had primarily

4

relied in granting Roach leave to file the motion. Second and just as importantly, both *Parker* and *Husband* involved attempts to raise on remand issues that the defendant had not appealed or which he had never raised prior to the first appeal. The same is not true of Roach's renewed motion; it raises the identical issue addressed in her original motion for downward departure, seeking only to supplement the record to attempt to cure the deficiency that led to the reversal. Neither *Parker* nor *Husband* contained any language indicating that a defendant whose sentence was vacated and remanded was precluded from adducing on remand additional evidence on the particular issue that was raised and addressed on appeal. The Court therefore set Roach's motion for an evidentiary hearing.

The government now seeks reconsideration, relying on *United States v. Sumner*, 325 F.3d 884, 2003 WL 1813835 (7th Cir. 2003) (*"Sumner II"*) and that case's discussion of *United States v. Wyss*, 147 F.3d 631 (7th Cir. 1998). Sumner's sentence was vacated on his first appeal "because the district court had not made adequate factual findings linking his uncharged trafficking of a substantial amount of crack cocaine to the offense of conviction." *Id.*, 2003 WL 1813835 at *1 (citing *United States v. Sumner*, 265 F.3d 532 (7th Cir. 2001) (*"Sumner I"*)). Though Sumner had not raised this issue in the district court, the Seventh Circuit found plain error. *Sumner I*, 265 F.3d at 539-40. On remand, the district court heard additional evidence and again ruled in the government's favor. *Id.* Sumner again appealed, arguing that the court should not have allowed new evidence at the remanded sentencing hearing. He relied (as the government now does in the present case) on *United States v. Wyss*, 147 F.3d 631 (7th Cir. 1998). In *Wyss*, the defendant was convicted of marijuana distribution, but his sentence was enhanced based on alleged relevant conduct involving his possession of cocaine. On appeal, the

Seventh Circuit held that cocaine that the defendant had possessed for personal consumption could not be included in the relevant conduct analysis. It remanded for resentencing, but "because Wyss had specifically objected to inclusion of the personal-use cocaine in the relevant conduct determination and the government had offered no contrary evidence, [the court] held that the personal-use percentage question was now closed: '[t]he government was entitled to only one opportunity to present evidence on the issue.'" *Sumner II,* 2003 WL 1813835, at *3 (discussing *Wyss*).

In *Sumner II,* the defendant argued that *Wyss* "stands for the broad proposition that the government may never offer new evidence on a sentencing remand. He sees no difference between an issue that was fully explored at the initial sentencing hearing and one that received no attention, but was nevertheless reviewed on appeal under the plain error standard." *Id.* The court rejected this argument, stating that "[s]uch a rule would require the government to anticipate and present evidence on every conceivable issue that might later be found to constitute plain error on appeal. This would impose an impossible burden on the government. Furthermore, it would actually give the defendant a benefit from plain error review of a forfeited issue, instead of merely relieving him or her from the consequences of failure to preserve the issue." *Id.* at 888-89. The court therefore held that "the *Wyss* rule does not preclude the government, on a sentencing remand, to introduce evidence relevant to points that the defendant forfeited but that were considered on plain error review by this court." *Id.* at 889.

Roach's case, of course, does not involve a matter that was reviewed on appeal via the plain error rule. Rather, *Sumner II's* significance involves on its reference to the "*Wyss* rule." The government construes *Wyss,* and *Sumner II's* reference to it, as establishing a general ban on

6

the introduction of new evidence on remand of a sentencing where the trial court's finding on the issue in question was reversed, after plenary review, based on insufficiency of the evidence. In this regard, *Wyss* stands in stark contrast with *Polland*, which is not referenced in *Wyss*, was decided just three years earlier (in 1995), and was seemingly reaffirmed in *Parker* in 1996.

The question, in this Court's view, is a close one.[1] But after careful consideration, the Court agrees with the government; *Wyss* has effectively overruled *Polland*.[2] The "*Wyss* rule," as we see it, is that if a sentencing factor or departure motion is fully litigated in the district court, and the district court's ruling is reversed due to insufficiency of the evidence supporting the ruling, then the party bearing the burden of proof is not entitled to an opportunity to correct the defect on remand, absent a showing of special circumstances justifying such an opportunity. The "special circumstances" exception, though not mentioned in *Wyss*, comes from *United States v. Leonzo*, 50 F.3d 1086, 1088 (D.C. Cir. 1995), which the Seventh Circuit cited in *Wyss* as supporting its "one opportunity" rule. *See also United States v. Buckley*, 251 F.3d 688, 669-70 (7th Cir. 2001). We need not address the specific contours of the exception here, as Roach has offered no reason why the *Wyss* rule should be relaxed in her case.

Roach argues that *Wyss* does not apply to this case at all, because the Seventh Circuit reversed our decision not because our findings were unsupported by the evidence, but because

---

[1] In this regard, this Court fully wholeheartedly agrees with Chief Judge Flaum's comment in *Husband* that the matter of what is and is not open on remand is an area fraught with confusion. *Husband*, 312 F.3d at 250.

[2] Though the court in *Wyss*, unlike in this case, had imposed in the first appeal a specific limitation on the scope of remand, *Parker* teaches that the existence or non-existence of such a limitation does not determine the scope of the remand. Rather, the scope of the remand is determined based on the overall context of the Court of Appeals' ruling.

7

the findings were unclear. Were that so, Roach might be entitled to introduce new evidence on remand; that is essentially what occurred in *Sumner* after the Seventh Circuit reversed due to the inadequacy of the trial court's findings. But Roach has misinterpreted the Seventh Circuit's decision in her case. The Court of Appeals, though first indicating that it was unclear whether this Court had made a sufficient finding on the issue of Roach's condition at the time of the offense, went on to say that if we had made such a finding, it was unsupported by the evidence. The latter holding is sufficient to bring the *Wyss* rule into play. Roach is not entitled on remand to attempt to plug the gap that the Court of Appeals found in the original record. Her motion for downward departure is therefore denied.

The Court closes by saying that though we believe we have correctly interpreted the pertinent Seventh Circuit decisions, the matter is not free from doubt. And if we have correctly read *Wyss*, it conflicts with the law in several other Circuits. *See, e.g., United States v. Rodgers*, 278 F.3d 599, 602 (6th Cir. 2002); *United States v. Behler*, 100 F.3d 632, 635 (8th Cir. 1996) (citing *Cornelius*, 968 F.2d at 705). We are hopeful that further clarification will be forthcoming if and when an appeal is taken in the present case.

### Conclusion

For the foregoing reasons, the Court grants the government's motion for reconsideration and denies defendant's renewed motion for downward departure. The case remains set for sentencing on June 6, 2003 at 1:30 p.m.

Date: May 20, 2003

MATTHEW F. KENNELLY
United States District Judge